**GIRARD TRUST CO. v. WINDT et al.
(KREIS, Intervenor).**

No. 74, Docket 21440.

United States Court of Appeals.
Second Circuit.

Argued Nov. 11, 1949.

Decided Dec. 9, 1949.

Winkelman & Winkelman, New York City (Charles Winkelman, New York City, Counsel, Edward A. Winkelman, New York City, on the brief), for defendant Irwin Windt.

Squire & Leavitt, Brooklyn, N. Y. (Sidney Squire, Brooklyn, N. Y., Counsel, Leon Weinstock, New York City, on the brief), for defendant Beatrice Windt.

Hyman Goldstein, New York City, for intervenor Maurice M. Kreis.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

.PER CURIAM.

The plaintiff brought an action of interpleader to determine the ownership of moneys deposited with it in the name of "Windt Brothers." "Windt Brothers" was a partnership consisting of Morton and Irwin Windt. Morton Windt's claim to a part of the fund was finally dismissed by the District Court and he took no appeal. Harry Windt, the father of Morton and Irwin Windt and the husband of Beatrice Windt, disclaimed any interest in the fund. The interests to be determined are those of Irwin, his mother Beatrice Windt, and the intervenor Maurice M. Kreis, who acted as an attorney in negotiating a sale of stores in Texas, from the proceeds of which the deposit in the Girard Trust Company was derived. The testimony as to the rights of Irwin and Beatrice Windt is conflicting and unsatisfactory. The judge allowed the claim of Kreis on the ground that he was employed by Harry Windt on behalf of the owners of the Texas stores as their authorized agent and had benefited the fund. We see no reasons for disturbing the allowance to the intervenor Kreis of $1,000 with interest and costs as provided in the decree of the District Court. That court, however dismissed the claims of Irwin Windt and his mother Beatrice Windt on the ground that neither claim was supported by sufficient proof, and ordered that the balance after making the above payment to Kreis be retained by the clerk in the registry of the court. The latter disposition does not meet with our approval.

If the affidavit of Irwin in which it was stated that the fund on deposit belonged to his mother, but which he denies that he ever understood, was valid, there may have been sufficient evidence to support the mother's claim. If, on the contrary,

the affidavit was false and fraudulent, a trier of the facts might properly rest on the presumption afforded by the Pennsylvania law that Irwin Windt, as the titleholder of the account with the Girard Trust Company, became the actual owner. Irwin Windt may also be embarrassed not only by the above-mentioned affidavit which he is claimed to have made, but also by a bill of sale under date of July 20, 1945, whereby he contracted to sell his interest in the Texas stores to his father H. B. Windt. However, this bill of sale, he insists, was only intended as a power of attorney to aid the sale of the stores from which the deposit in the Girard Trust Company was ultimately derived.

Under the circumstances, it seems to us that the cause must be remanded with instructions to the trial court to make findings as to the validity of Irwin's affidavit and the effect of the agreement which he executed with his father, as well as findings as to the true owner of the deposit made with the Girard Trust Company, and any other pertinent matters which may develop from a reconsideration of the record and any additional evidence that the parties may offer. It may be that creditors will appear with claims sufficient to merit intervention.

Reversed and remanded for further consideration as to the claims of Irwin and Beatrice Windt, and affirmed as to the claim of Maurice M. Kreis.